**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dorothy Miller, | No. CV-10-1428-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Public Safety Personnel Retirement System, | |
| Defendant. | |

Plaintiff initiated this action on July 7, 2010 and has filed her Proof of Service (Doc. 8). For the reasons stated below, the Court finds that Plaintiff has not established proper service of the summons and complaint.

Under the Federal Rules of Civil Procedure ("Federal Rules"), "service upon an individual may be made by 'delivering a copy of the summons and of the complaint to the individual personally; . . . leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; . . . [or] delivering a copy of each to an agent authorized by appointment or by law to receive service of process.'" *Haskins v. Moynihan*, 2010 WL 2691562, at *3 (D. Ariz. July 6, 2010) (citing Fed. R. Civ. P. 4(e)(2)). Service may be performed by "any person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2). Under the Federal Rules, a Plaintiff also has the option of serving an individual by "following state law for serving a summons in an action

1 brought in courts of general jurisdiction in the state where the district court is located or
2 where service is made." Fed. R. Civ. P. 4(e)(1). The Arizona Rules of Civil Procedure
3 ("Arizona Rules") mirror the requirements of the Federal Rules for service of an individual.
4 *See* Ariz. R. Civ. P. 4.1(d). Additionally, under the Arizona Rules, "service of process shall
5 be made by a sheriff, a sheriff's deputy a private process server . . . or any other person
6 specially appointed by the court." Ariz. R. Civ. P. 4(d).

In addition to the general requirements for process set forth above, the Federal Rules mandate that a state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by "delivering a copy of the summons and of the complaint to its chief executive officer or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). The Arizona Rules state, "Service upon a county or municipal corporation or other governmental subdivision of the state subject to suit . . . shall be effected by delivering a copy of the summons and of the pleading to the chief executive officer, the secretary, clerk, or recording officer thereof." Ariz. R. Civ. P. 4.1(i).

The evidence indicates that Plaintiff has not sufficiently served Defendant as a governmental entity. Plaintiff has not demonstrated that she has effected service upon the CEO, the secretary, clerk, or recording officer of Defendant as required by the Federal and Arizona Rules. Furthermore, as discussed above, Plaintiff's attempted service of process fails because (1) she attempted to do it herself in violation of Federal Rule 4(c)(2) and Arizona Rule 4(d), and (2) because she attempted to do so by mail in violation of Federal Rule 4(e) and Arizona Rule 4(d). Accordingly, Plaintiff has failed to properly effect service upon Defendant. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff properly serve Defendant within the time required by Federal Rule of Civil Procedure 4(m).

DATED this 4th day of August, 2010.

*H. Murray Snow*
G. Murray Snow
United States District Judge